

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

EVERGLADES SHIPPING CORP.,

            Plaintiff,

    - against -

SHREE LAXMI TRADING CORPORATION
EXPORTS (INDIA), a/k/a
SHREE LAXMI TRADING CORP. EXPORTS
(INDIA) MUMBAI, or SHREE LAXMI
TRADING EXPORTS (INDIA),

            Defendant.

----------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, EVERGLADES SHIPPING CORP. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendant, SHREE LAXMI TRADING CORPORATION EXPORTS (INDIA) a/k/a SHREE

LAXMI TRADING CORP. EXPORTS (INDIA), MUMBAI or SHREE LAXMI TRADING

EXPORTS (INDIA), (hereinafter "Shree Laxmi" or "Defendant") alleges, upon information and

belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach

of maritime contract of charter. This matter also arises under the Court's federal question

jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the

Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.　　At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3.　　Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the India.

4.　　At all times material to this action, Plaintiff was the owner of the motor vessel "BRAVO (hereinafter "The Vessel").

5.　　By a charter party dated April 22, 2008 (hereinafter "the charter party") Plaintiff voyage chartered the Vessel to Defendant for the carriage of 30,000 mt of maize, barley and/sorghum by sea from Kandala, India to one safe port in Saudi Area on the Red Sea. *A copy of the charter party is annexed hereto as Exhibit "1."*

6.　　Pursuant to the terms of the charter party, Plaintiff delivered the Vessel into the service of Shree Laxmi and has at all times fully performed its duties and obligations under the charter party.

7.　　The charter party provides for payment of demurrage[1] at the rate of $27,000.00 per day, pro rata. *See Exhibit "1".*

8.　　Shree Laxmi completed its voyage charter under the charter party. During the course of loading and discharging, Defendant exceeded the amount of laytime[2] provided for under the charter party and demurrage charges were incurred. *See Time Sheet detailing demurrage incurred at load and discharge ports as Exhibits "2" and "3" respectively.*

---

[1]　　Demurrage is a fixed sum, per day or per hour, agreed to be paid for the detention of the vessel under charter at the expiration of laytime allowed.

[2]　　Laytime refers to the time allowed by the shipowner to the voyage charterer in which to load and/or discharge the cargo.

2

9.  Disputes arose between the parties regarding Defendant's failure to pay the demurrage due and owing under the charter party. *See invoice detailing amounts owed attached hereto as Exhibit "4".*

10.  Defendant has breached the terms of the charter party by failing to pay demurrage due and owing to Plaintiff in the total amount of $186,157.88 under the Charter Party

11.  Pursuant to the terms of the charter party, disputes between the parties are to be submitted to arbitration in London with English law to apply.

12.  Plaintiff has commenced arbitration against Defendant on its claims.

13.  This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of London arbitration proceedings.

14.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

15.  As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| a. | Plaintiff's Principal Claim: | | |
| | Demurrage at load port (minus commission): | $ | 28,025.07 |
| | Demurrage at discharge port (minus commission): | $ | 158,132.81 |
| b. | Interest:<br>3 years at 7 % compounded quarterly | $ | 43,084.25 |
| c. | Estimated recoverable arbitration fees: | $ | 15,000.00 |
| d. | Estimated recoverable legal fees and costs: | $ | 40,000.00 |
| **Total:** | | **$** | **284,242.13** |

16.  The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit "5."*

17. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any foreign judgment or arbitration award rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendant, up to the amount $284,242.13 to secure the Plaintiff's claims, and that all persons claiming any interest in

the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    D.    That this Court enter judgment against Defendant on the claims set forth herein;

    E.    That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

    F.    That this Court award Plaintiff its attorney's fees and costs of this action; and

    G.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: November 14, 2008

> The Plaintiff,
> EVERGLADES SHIPPING CORP.
>
> By: _____
> Patrick F. Lennon
> Nancy R. Siegel
> LENNON, MURPHY & LENNON, LLC
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> (212) 490-6050 – phone
> (212) 490-6070 – fax
> pfl@lenmur.com
> nrs@lenmur.com

## ATTORNEY'S VERIFICATION

1.    My name is Nancy R. Siegel

2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    November 14, 2008

_____
Nancy R. Siegel

EXHIBIT 1

RECOMMENDED
THE BALTIC AND INTERNATIONAL MARITIME COUNCIL
UNIFORM GENERAL CHARTER (AS REVISED 1922, 1976 and 1994)
(To be used for trades for which no specially approved form is in force)
CODE NAME: "GENCON"                                    Part I

| 1. Shipbroker | |
| --- | --- |
| ≤M/8-GSS MARINE | |
| M/s-SHAAN MARINE SERVICES PVT LTD | 2. Place and date<br>MUMBAI    22ND APRIL 2008 |
| 3. Owners/Place of business (Cl. 1)<br>M/s-EVERGLADES- SHIPPING CORP.,<br>CYPRUS<br>MANAGER: M/s-PNO SHIPMANAGEMENT<br>LTD., | 4. Charterers/Place of business (Cl. 1)<br>M/s-SHREE LAXMI TRADING EXPORTS<br>(INDIA) MUMBAI |
| 5. Vessel's name (Cl. 1)   M.V.BRAVO P | 6. GRT/NRT (Cl. 1)   21630 /11686 |
| 7. DWT all told on summer load line in metric tons (abt.) (Cl. 1)<br>25731 MTS ON 9.750 m . | 8. Present position (Cl. 1)<br>MINA  SAQR  SAILING  24th APRIL<br>ETA KANDLA   28thAPRIL 2008 |
| 9. Expected ready to load (abt.) (Cl. 1)<br>28TH APRIL 2008 | |
| 10. Loading port or place (Cl. 1)<br>KANDLA   1SB/1SP | 11. Discharging port or place (Cl. 1)<br>ONE SAFE PORT SAUDI ARABIA IN RED<br>SEATGSBP AAAA |
| 12. Cargo (also state quantity and margin in Owners' option, if agreed; if full and complete cargo not agreed state "part cargo" (Cl. 1)<br>30,000 MTS 5 PCT MOLOO BULK AGRIS SF 46 WOG CONSISTING OF MAIZE/<br>BARLEY AND OR SORGHUM | |
| 13. Freight rate (also state whether freight prepaid or payable on delivery) (Cl. 4)<br>USD 53.50 PMTS ON DRAFT SURVEY<br>QUANTITY | 14. Freight payment (state currency and method of payment; also beneficiary and bank account) (Cl. 4)<br>SEE RIDER CL 20 |
| 15. State if vessel's cargo handling gear shall not be used (Cl. 5)<br>WILL BE USED | 16. Laytime (if separate laytime for load' and disch. is agreed, fill in a) and b). If total laytime for load. and disch., fill in c) only) (Cl. 6) |
| 17. Shippers/Place of business (Cl. 6)<br>MUMBAI | (a) Laytime for loading<br>SEE RIDER CL 25 |
| 18. Agents (loading) (Cl. 6)<br>CHARTERERS AGENTS | (b) Laytime for discharging<br>SEE RIDER CL 25 |
| 19. Agents (discharging) (Cl. 6)<br>CHARTERERS AGENTS | (c) Total laytime for loading and discharging<br>— |
| 20. Demurrage rate and manner payable (loading and discharging) (Cl. 7)<br>USD 27000 PDPR<br>HALF DESPATCH WORKING TIME SAVED<br>B BOTH ENDS | 21. Cancelling date (Cl. 9)<br>30-4-2008 |
| | 22. General Average to be adjusted at (Cl. 12)<br>LONDON |
| 23. Freight Tax (state if for the Owners' account (Cl. 13 (c))<br>OWNERS ACCOUNT | 24. Brokerage commission and to whom payable (Cl. 15)<br>1.25  PCT  AUDCOM |
| 25. Law and Arbitration (state 19 (a), 19 (b) or 19 (c) of Cl. 19; if 19 (c) agreed<br>also state Place of Arbitration) (if not filled in 19 (a) shall apply) (Cl. 19)<br>LONDON ENGLISH LAW TO APPLY | 1.25  PCT  SHAAN MARINE MUMBAI<br>1.25  PCT  GSS MARINE |
| (a) State maximum amount for small claims/shortened arbitration (Cl. 19) | 26. Additional clauses covering special provisions, if agreed<br>CL  20 TO CL 45 |

It is mutually agreed that this Contract shall be performed subject to the conditions contained in this Charter Party which shall include Part I as well as Part II. In the event of a conflict of conditions, the provisions of Part I shall prevail over those of Part II to the extent of such conflict.

| W.EARMBAGUADES SHIPPING | M/s SHREE LAXMI TRADING |
| --- | --- |
| Signature (Owner)   CORP., CYPRUS | Signature (Charterer) CORPORATION EXPORT(INDIA) |

Copyright, published by The Baltic
and International Maritime
Council (BIMCO), Copenhagen

C.23

Printed and sold by Witherby & Company Limited 32/36 Aylesbury Street, London EC1R 0ET   Tel. No. 020 7251 5341   Fax No. 0171 251 1296

"Gencon" Charter (As Revised 1922, 1976 and 1994)

PART II



PART II

"Gencon" Charter (As Revised 1922, 1976 and 1994)

**14. Agency**

**15. Brokerage**

**16. General Strike Clause**

**17. War Risks ("Voywar 1993")**

**18. General Ice Clause**

Port of loading

Port of discharge

General

**19. Law and Arbitration**

RIDER CLAUSES TO M V BRAVO PACCI SHREE LAXMI TRADING EXPORTS INDIA ,I.MUMBAI CHARTER PARTY DATED 22ND APRIL 2008

CLAUSE 20: FREIGHT PAYMENT

100 PCT FREIGHT LESS 2.5 PCT COMMISSION LESS OAP AND LESS DESPATCH AT LOAD PORT OR ADD DEMURAGE AT LOAD PORT ON BILLS OF LADING. QUANTITY SHALL BE PAYABLE AGAINST OWNERS INVOICE SENT TO CHARTERERS BY FAX AND FOLLOWED IN ORIGINAL IN USS INTO OWNERS NOMINATED BANK ACCOUNT WITHIN 3 (THREE) BANKING DAYS UPON COMPLETION OF LOADING. FREIGHT PAYABLE ALWAYS BEFORE BREAKING BULK AND OWNERS HAVE RIGHT TO REFUSE DISCHARGE WHILE WAITING FOR FREIGHT CONFIRMATION AND TIME TO COUNT

FREIGHT DEEMED EARNED ON COMPLETION OF LOADING DISCOUNTLESS AND NON-RETUNDABLE VESSEL AND/OR CARGO LOST OR NOT. OWNERS HAVE THE RIGHT OF LIEN AGAINST THE CARGO FOR FREIGHT, DEAD FREIGHT, GENERAL AVERAGE CONTRIBUTION AND DEMURRAGE.

BANK ACCOUNT AS FOLLOWS:

Please be informed that the owners name and owners banking details are:

Owners Name   M/S EVERGLADES SHIPING CORP.CYPRUS

Managers M/S PNO SHIPMANAGEMENT LTD              :

Owners banking Details : MARFIN POPULAR BANK PUBLIC CO LTD

SWIFT CODE: LIKICYN2

IBAN NO. CY45 0030 0179 0000 0179 3214 2956

ACCOUNT NO 179-32-112956 ( USD)

BENEFICIARY : PNO SHIPMANAGEMENT LTD

CLAUSE 21: BILLS OF LADING

"FREIGHT PAYABLE AS PER CP" BILL OF LADING TO BE RELEASED TO SHIPPERS STRICTLY IN ACCORDANCE WITH MATE'S RECIEPT AND AS PER AUTHORITY FROM MASTER OF VESSEL.

IN CASE CHARTERERS REQUIRE BILLS OF LADINGS MARKED "FREIGHT PREPAID" SAME TO BE ISSUED AND HELD IN CUSTODY OF SHAAN MARINE SERVICES PVT LTD. MUMBAI AND SHALL BE RELEASED BY OWNERS INSTRUCTION AGAINST CHARTERERS PROVIDING OWNERS WITH COPY OF THEIR BANK TESTED SWIFT COPY CONFIRMING IRREVOCABLE REMITTANCE ON FREIGHT STATING AMOUNT IN OWNERS NOMINATED BANK

MASTER OF VESSEL TO ISSUE A PROPER AUTHORITY LETTER TO SHAAN MARINE SERVICES PVT LTD. MUMBAI THROUGH LOAD PORT AGENTS, AT LOAD PORT TO SIGN AND RELEASE THE RELEVANT BILLS OF LADING. BUT ALWAYS IN STRICT CONFORMITY TO MATE'S RECIEPT. CONGEN BILLS OF LADING TO BE USED.





RIDER CLAUSES TO M V BRAVO P ACCT SHREE LAXMI TRADING EXPORTS
INDIA ).MUMBAI CHARTER PARTY DATED 22ᴺᴰ APRIL 2008

CLAUSE 22: AGENTS NOTICE OF ARRIVAL

FOR LOAD PORT

THE OWNERS/MASTER AND OR THEIR AGENTS SHALL SERVE TENTATIVE NOTICE OF
ARRIVAL UPON CLEAN FIXING OF VESSEL TO CHARTS SHREE LAXMI TRADING
CORPORATION EXPORTS INDIA. MUMBAI AND MASTER AND OR THEIR AGENT SHALL
THEN FOLLOW UP WITH 5/3/2/1 DAYS ETA NOTICE OF VESSEL EXPECTED DATE OF
ARRIVAL AT LOADING PORT BY TELEX/FAX CABLE/EMAIL OR RADIO TO FOLLOWING
PARTIES

A.    M/S SHREE LAXMI TRADING CORPORATION EXPORTS INDIA, MUMBAI MR DILIP
KABRA
     EMAIL sltc5500@cmml.net.in

B. NHAAN MARINE SERVICES PVT LTD   AS BROKERS
   EMAIL ppsingh@shaanmarine.com

C ..LOAD PORT AS AGENTS UNIVERSAL SHIPPING
   EMAIL armyshipping@gmail.com

D.
FOR DISCHARGE PORT

UPON SAILING FROM LOAD PORT OWNERS  MASTER  AND OR THEIR AGENTS SHALL
PROVIDE BY FAX/TELEX CABLE OF SAILING WITH ETA DISCHARGE PORT, AND ARRIVAL
DRAFT FOLLOWED BY 5/3/2/1 DAYS NOTICE TO FOLLOWING PARTIES
A AND B AND D PARTIES AS MENTIONED FOR LOAD PORT ABOVE AND DISCHARGE PORT
AGENTS  DETAILS WILL BE ADVISED LATER ON CONFIRMATION OF DISCHARGE PORT .

CLAUSE 23: NOTICE OF READINESS AND LAYTIME

AT LOADING PORT NOR TO BE SERVED WIPON/WIBON/WICCON/WIFPON DURING OFFICE
HOURS+1.P. 0900 TO 1730 HRS FROM MONDAY TO FRIDAY AND BETWEEN 0900 TO 1200
HOURS ON SATURDAY TO CHARTERERS/SHIPPERS.

AT DISCHARGING PORT NOR TO BE SERVED WIPON/WIBON/WIFPON  WICCON DURING
OFFICE HOURS I.E. 0900 TO 1700 HOURS FROM SATURDAY TO WEDNESDAY AND BETWEEN
0800 TO 1300 HOURS ON THURSDAY TO CHARTERERS AND RECEIVERS.

AT LOAD PORT TIME TO COMMENCE FROM 1300 HRS IF NOR TENDERED UPTO 1200 HRS
AND AT 0800 HRS THE FOLLOWING WORKING DAY IF NOR TENDERED AT 1200 HRS OR
THERE AFTER

LAYTIME NON-REVERSIBLE.

AT DISCHARGE PORT TIME TO COUNT FROM 1300 HOURS IF NOR TENDERED UPTO 1200
HOURS AND AT 0800 HOURS FOLLOWING DAY IF NOR TENDERED AT 1200 HOURS OR
THERE AFTER.





RIDER CLAUSES TO M V BRAVO P ACCT SHREE LAXMI TRADING EXPORTS
INDIA, MUMBAI CHARTER PARTY DATED 22ND APRIL 2008

CLAUSE 24: HATCH HOLDS CLEANLINESS

CHAR IS TO APPOINT SURVE FOR TO INSPECT VESSEL HOLDS AT THEIR COSTS. IF
HATCHES FOUND UNFIT TO LOAD THAN TIME FROM FINDING HATCHES UNFIT TILL
HATCHES DECLARED BY SURVEYORS FIT TO LOAD NOT TO COUNT AS LOAD PORT IS
KANDLA CHARTERERS TO ARRANGE AT 50 PCT THEIR COST AND 50 PCT COST TO BE
BORNE BY OWNERS TO SEND SURVEYORS TO OTB FOR INSPECTION AND IF HATCHES
FAILED THAN SECOND SURVEY IF LAUNCHES REQUIRED THAN ALL COST TO OWNERS
2ND HATCHES PASSED BY SURVEYORS.

CLAUSE 25: LOADING AND DISCHARGING RATE

THE CHARTERERS SHALL LOAD CARGO AT THE RATE OF 5000 MTS PER WEATHER
WORKING DAY SUNDAYS AND HOLIDAYS EXCLUDED EVEN IF SED TIME FROM
SATURDAY NOON OR 1700 HOURS PRECEDING HOLIDAY TILL 0800 HOURS ON MONDAY
OR NEXT WORKING DAY NOT TO COUNT EVEN IF USLD

THE CHARTERERS SHALL DISCHARGE AT AT THE RATE OF 3000 MTS PER WEATHER
WORKING DAY FRIDAY AND HOLIDAYS EXCLUDED EVEN IF USED TIME FROM 1200
HOURS ON THURSDAY OR 1700 HOURS PRECEDING HOLIDAY TILL 0800 HOURS ON
SATURDAY OR NEXT WORKING DAY NOT TO COUNT EVEN IF USED

CLAUSE 26 SHIFTING

SHIFTING IF ANY AT BENOS TO BE FOR CHARTERERS ACCOUNT IF ON CARGO OTHERWISE
ON OWNERS ACCOUNT AND TIME TO COUNT AS LAYTIME.

CLAUSE 27: DEMURRAGE  DESPATCH

DEMURRAGE USD 27,000.00 PDPR.  DESPATCH USD 13,500.00 ON WORKING TIME SAVED
FOR BOTH PORTS  LOAD PORT DEMURRAGE OR DESPATCH TO BE SETTLED ALONG WITH
FREIGHT PAYMENT. DISCHARGE PORTS DEMURAGE AND/OR DESPATCH TO BE SETTLED
WITHIN 15 DAYS AFTER COMPLETION OF DISCHARGE AND GURANTEED BY
CHARTERERS.

CLAUSE 28

CARGO TO BE TRIMMED AFTER COMPLETION OF LOADING BY THE CHARTERERS TO THE
SATISFACTION OF SURVEYORS IN CONSULTATION WITH THE MASTER OF THE VESSEL
PRIOR TO DEPARTURE OF VESSEL FROM LOAD PORT

CLAUSE 29: VESSEL DESCRIPTION
NAME.                                : BRAVO P
PORT OF REGISTRY          : PANAMA
FLAG OF REGISTRY          : PANAMA
TYPE OF VESSEL              : BULK CARRIER
CLASSIFICATION SOCIETY  . DET NORSKE VERITAS
YARD AND YEAR BUILT      . GDYNIA SEPT 1979
LENGTH OVER (LOA)         . 176.54 M
LENGTH BETWEEN PERPENDRY LARS (LBP) 167.203 M
BREADTH MOULDED          : 27.48 M
DEPTH MOULDED               15.80 M
SUMMER TPC                     433 TONS cm
SUMMER DEADWEIGHT      . 26,131 DRAFT 9 750 M




RIDER CLAUSES TO M V BRAVO P/A/C'T SHREE LAXMI TRADING EXPORTS
INDIA J.MUMBAI CHARTER PARTY DATED 22ND APRIL 2008

TROPICAL DEADWEIGHT      : 53958 DRAFT 11.488 M
CRANLS                   : 2 x 25 MTS TWT. TRAVELLING JIB TYPE
GRABS 4 NEMAG MECHANICAL OF 8 CBM CAP
(VESSEL DETAILS ALL ABOUT WOG)

CLAUSE 30: P.N I AND H AND M

OWNERS GUARANTEE THAT THE PERFORMING VESSEL HAS FULL INSURANCE COVER FOR
HULL AND MACHINERY AND A VALID P AND I COVER AND SAME WILL BE MAINTAINED
UNTIL COMPLETION OF DISCHARGE AND IS FULLY ISPS COMPLIANT.

CLAUSE 31: BROKERAGE AND COMMISSION

TOTAL COMMISSION 3.75 PCT ON FREIGHT, DEMURRAGE ,DEAD FREIGHT AND
DETENTION. 2.5 PCT TO BE DEDUCTED FROM FREIGHT  FROM WHICH 1.25 PCT WILL BE AS
ADDRESS COMMISSION TO CHARTERERS  AND PAYABLE 1.25 PCT TO SHAAN MARINE
SERVICES PVT LTD., MUMBAI, 1.25 PCT TO GSS MARINE AS PER INVOICE DETAILS TO BE
PAID BY OWNERS DIRECTLY. COMMISSION TO BE DEDUCTED FROM FREIGHT AND TO BE
PAID BY CHARTERERS  WITHIN 7 DAYS OF FREIGHT PAYMENT.

CLAUSE 32: OVERTIME

OVERTIME ORDERD BY CHARTERERS OR THE PORT AUTHORITIES FOR ANY REASONS
RELATING TO WORKING OF THE CARGO SHALL ALWAYS BE ON CHARTERERS ACCOUNT
AT BOTH ENDS. SIMILARLY ANY OVERTIME FOR OFFICERS AND CREW SHALL ALWAYS BE
ON OWNERS ACCOUNT.

CLAUSE 33: VESSEL ITINERARY

VESSEL AT PERSIAN GULF AND EXPECTED TO SAIL FOR LOADING 24TH APRIL 2008 AGW
WP ETA KANDLA 27TH APRIL 2008

CLAUSE 34: GENERAL AVERAGE / ARBITRATION

GENERAL AVERAGE / ARBITRATION IN LONDON AND ENGLISH LAW TO APPLY. IN THE
EVENT OF ANY DISPUTE NOT SETTLED BETWEEN THE TWO PARTIES MUTUALLY, THE
MATTER IS TO BE REFERRED TO ARBITRATION WITH EACH PARTY APPOINTING AN
ARBITRATOR. IN CASE ARBITRATORS FAIL TO REACH A UNANIMOUS DECISION. THEY
SHALL APPOINT AN UMPIRE, WHOSE DECISION SHALL BE FINAL AND BINDING ON BOTH
PARTIES

CLAUSE 35: TAXES /DUES /OVERAGE PREMIUM

ANY TAXES, DUES, WHARFAGES ON VESSEL FLAG AND ON FREIGHT TO BE FOR OWNERS
ACCOUNT. ANY TAXES, DUES, WHARFAGES ON CARGO TO BE FOR CHARTS OR SHIPPERS
RECEIVERS ACCOUNT

FREE EXINS DUE TO AGE/FLAG/OWNERSHIP OVER AGE PREMIUM TO BE CHARTS
ACCOUNT WHILE OWNERS TO CONTRIBUTE USD 7,500.00 AND SAME TO BE DEDUCTED
FROM FREIGHT AND SHOWN IN FREIGHT INVOICE BY OWNERS.

CLAUSE 36: LETTER OF INDEMINITY

CHARTERERS WILL MAKE EVERY ENDEAVOUR TO ENSURE THAT ORIGINAL BILLS OF
LADING WILL BE MADE AVAILABLE AT DISCHARGE PORT ON OR BEFORE VESSEL'S
ARRIVAL TO DISCHARGE. HOWEVER IF ORIGINAL BILLS OF LADING ARE NOT



AVAILABLE. THEN OWNERS/ MASTER TO PERMIT DISCHARGE OF CARGO AGAINST
CHARTERES LETTER OF INDEMNITY AS PER OWNER'S P N I CLUB WORDING BUT
WITHOUT BANK ENDORSEMENT.

### CLAUSE 37:

IN CASE OF ANY CARGO RELATED DISPUTES AT DISCHARGE PORT OWNERS TO PROVIDE
LOI AND ENSURE SAILING OF VESSEL WITHOUT DELAYS UPON COMPLETION OF
DISCHARGE. DISPUTES TO BE SETTLED AS PER INTERCLUB AGREEMENT.

### CLAUSE 38: STEVEDORE DAMAGE TO THE VESSEL

STEVEDORE DAMAGE TO BE SETTLED BETWEEN STEVEDORES AND OWNERS. CHARTS TO
ASSIST IN SETTLEMENT.

### CLAUSE 39 :

OWNERS UNDERTAKE THAT VESSEL HAS NEITHER BEEN SOLD NOR SHALL BE SOLD FOR
SCRAPPING OR OTHERWISE DURING CURRENCY OF THIS CHARTER PARTY.

### CLAUSE 40: LIGHTENING

LIGHTERAGE/ LIGHTENING IF ANY TO BE CHAR IS: SHIPPERS/ RECEIVERS ACCT-NT

### CLAUSE 41: DRAFT SURVEY

OWNERS AND CHARTERERS BOTH TO APPOINT SURVEYORS TO ASCERTAIN CARGO
QUANTITY LOADED ON BOARD . AS THEIR WILL BE TWO COMMODITIES THAN FOR
SMALLER QUANTITY COMMODITY BILLS OF LADINGS QUANTITY TO BE TAKEN AS PER
SHIPPERS AND FOR SECOND COMMODITY BILLS OF LADING TO HAVE BALANCE FIGURE
TO AVOID DELAYS TO VESSEL AND SIMALUTANEOUSLY LOADING OF BOTH CARGOES.

CARGO QUANTITY AT LOAD AND DISCHARGE PORTS TO BE ASCERTAINED ACCORDING
TO DRAFT SURVEY. OWNERS NOT TO BE RESPONSIBLE FOR ANY QUANTITY FOUND
SHORT BETWEEN DRAFT SURVEY FIGURES AND SHORE FIGURES. IF ANY SHORTAGE
FOUND SAME TO BE SORTED OUT BETWEEN SELLER AND BUYER AND VESSEL NOT TO BE
DETAINED.

### CLAUSE 42: ADDITIONAL CLAUSES CONSIDERED INCORPORATED

U.S.A PARAMOUNT CLAUSE BILLS OF LADING CLAUSE, PNI BUNKERING CLAUSE, NEW
BOTH TO BLAME COLLISION CLAUSE, GENERAL-AVERAGE CLAUSE, NEW JASON CLAUSE,
CHAMBER OF SHIPPING WAR RISK CLAUSES 1 AND 2 ARE DEEMED TO BE INCORPORATED
HEREIN.

### CLAUSE 43: CONFIDENTIALITY

THE ENTIRE CONTENTS OF THIS CHARTER PARTY AGREEMENT TO BE KEPT STRICTLY
PRIVATE AND CONFIDENTIAL BY BOTH PARTIES AND SHALL BE DISCLOSED TO ANY
THIRD PARTY ISO WHO IS CONNECTED WITH EXECUTION OF THE SUBJECTS OF CONTRACT
OF CARRIAGE ONLY.





RIDER CLAUSES TO M V BRAVO P.ACCT SHREE LAXMI TRADING EXPORTS INDIA J.MUMBAI CHARTER PARTY DATED 22ND APRIL 2008

CLAUSE 44: CARGOLOGI QUANTITY AND DEAD FREIGHT

MASTER TO DECLARE LOADABLE QUANTITY BASED ON STOWAGE FACTOR ADVISED BY CHARTS AND STOWAGE PLAN. CHARTERERS TO TENDER CARGO AS PER STOWAGE PLAN AND IN CASE MASTER UNABLE TO LOAD THE SAME, THEN CHARTERERS NOT RESPONSIBLE FOR DEAD FREIGHT. DEAD FREIGHT IS PAYABLE IN CASE OF NON-AVAILABILITY OF CARGO FOR FULL AND COMPLETE LOADING OF VESSEL.

CLAUSE 45: VESSEL TO GIVE FREE USE OF CARGO GEAR AND LIGHTS AT NIGHT AS REQUIRED BY CHARTS AT LOAD AND DISCHARGE PORTS

FOR I VERGE DES SHIPPING CORP   FOR SHREE LAXMI TRADING EXPORTS
MANAGEMENT LTD   (INDIA)
EXPOS.   MUMBAI
PANAMA   

AS OWNERS   AS CHARTERERS

EXHIBIT 2



## TIME SHEET

Cargo Quantity : 27,853.224 mt Barley
NOR tendered : 27/04/2008 20.20 hrs
Vessel commenced loading : 04/05/2008 09.50 HRS
Vessel completed loading : 08/05/2008 16.15 HRS
Laytime to commence to count : 28/04/2008 14.00 HRS
Loading Rate in metric tones : 5000 PWWD SHEX EIU SAT NN CLAUSE Laytime allowed (in Days) : 5.57 DAYS

Laytime Conversion

| | Days | Hours | minutes |
|---|---|---|---|
| | 6 | 13 | 42 |

| Day | Date | Time | Time | Time worked | | | Total Time used | | | Time remaining | | | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | d | h | m | d | h | m | d | h | m | |
| Monday | 28-04-08 | 14:00 | | 0 | 0 | 0 | 0 | 0 | 0 | | | | Laytime commenced |
| Tuesday | 28-04-08 | 14:00 | 0:00 | 0 | -10 | 0 | 0 | 10 | 0 | 5 | 13 | 42 | |
| | 29-04-08 | 0:00 | 0:00 | 1 | 0 | 0 | 1 | 10 | 0 | 5 | 3 | 42 | |
| Wednesday | 30-04-08 | 0:00 | 17:00 | 0 | 17 | 0 | 2 | 3 | 3 | 4 | 3 | 42 | Preceding holiday |
| | | | | | | | | | | 3 | 10 | 42 | |

| Day | Date | | | | | | | | | | | | | | | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Thursday | 30-04-08 | 17:00 | 0:00 | 0 | 0 | 0 | 0 | 2 | 3 | 0 | 3 | 10 | 42 | | | Holiday |
| Friday | 01-05-08 | 0:00 | 0:00 | 0 | 0 | 0 | 0 | 2 | 3 | 0 | 3 | 10 | 42 | | | After holiday |
| | 02-05-08 | 0:00 | 8:00 | 0 | 0 | 0 | 0 | 2 | 3 | 0 | 3 | 10 | 42 | | | |
| Saturday | 02-05-08 | 8:03 | 0:00 | 0 | 18 | 0 | 18 | 2 | 19 | 0 | 2 | 18 | 42 | | | Saturday |
| | 03-05-08 | 0:00 | 12:00 | 0 | 12 | 0 | 0 | 3 | 7 | 0 | 2 | 6 | 42 | | | |
| Sunday | 03-05-08 | 12:00 | 0:00 | 0 | 0 | 0 | 0 | 3 | 7 | 0 | 2 | 6 | 42 | | | Sunday |
| | 04-05-08 | 0:00 | 8:00 | 0 | 14 | 0 | 0 | 3 | 7 | 0 | 2 | 6 | 42 | | | |
| Monday | 05-05-08 | 0:00 | 8:00 | 0 | 8 | 0 | 0 | 3 | 7 | 0 | 3 | 8 | 42 | | | |
| | 05-05-08 | 8:00 | 0:00 | 0 | 18 | 0 | 0 | 3 | 23 | 0 | 1 | 14 | 42 | | | |
| Tuesday | 06-05-08 | 0:00 | 0:00 | 1 | 0 | 0 | 0 | 4 | 23 | 0 | 0 | 14 | 42 | | | Vessel on |
| Wednesday | 07-05-08 | 0:00 | 14:42 | 0 | 14 | 42 | 42 | 5 | 13 | 42 | 0 | 0 | 0 | | | Demurrages |
| | 07-05-08 | 14:42 | 0:00 | | 9 | 18 | 0 | 5 | 23 | 0 | 0 | 9 | 18 | | | |
| Thursday | 08-05-08 | 0:00 | 16:15 | 0 | 16 | 15 | 15 | 6 | 15 | 15 | 1 | 1 | 33 | | | |

Total Time Used     15   0   15
Time allowed     42   6   13
Time on demmurages     33   1   1    1.06458 days
Demurrages rate     27000

1.06458*27000=

| | |
|---|---|
| Total amount due to owners | 28743.66 USD |
| Less 2.5 % add commission | 718.59 USD |
| Net to owners | 28025.07 USD |

EXHIBIT 3



# TIME SHEET

Cargo Quantity : 27,853.224 mt Barley

NOR tendered : 13/05/08 21.50 hrs

Vessel commenced discharging : 15/05/08 20.00 HRS

Vessel completed discharging : 02/06/08 13.00 HRS

Laytime to commence to count : 14/05/08 14.00 HRS

Discharging Rate in metric tones : 3000 PWWD FHEX EIU Thursday NN CLAUSE Discharging time allowed (in Days) : 9.284403)

DAYS

## Laytime Conversion

Days 9     Hours 6     minutes 50

| Day | Date/Time | Time | Time worked d h m | Total Time used d h m | Time remaining d h m | Remarks |
|---|---|---|---|---|---|---|
| | | | | | 9 d 06hrs 50min | |
| Wednesday | 14-5-08 14:00 | | 24.00 | 00:10:00 | 00:10:00 | 8 d 20 hrs 50min | |
| Thursday | 15-5-08 0:00 | | 12.00 | 00:12:00 | 00:22:00 | 8 d 08 hrs 50 min | Laytime commenced |
| Thursday | 15-5-08 12:00 | | 24.00 | 00:00:00 | 00:22:00 | 8 d 08 hrs 50 min | |
| Friday | 16-5-08 0:00 | | 24.00 | 00:00:00 | 00:22:00 | 8 d 08 hrs 50 min | Preceding holiday |
| Saturday | 17-5-08 0:00 | | 8.00 | 00:00:00 | 00:22:00 | 8 d 08 hrs 50 min | Holiday |
| Saturday | 17-5-08 8:00 | | 24.00 | 00:16:00 | 01:14:00 | 7 d 16 hrs 50 min | after Friday |
| Sunday | 18-5-08 0:00 | | 24.00 | 01:00:00 | 02:14:00 | 6 d 16 hrs 50 min | |
| Monday | 19-5-08 0:00 | | 24.00 | 01:00:00 | 03:14:00 | 5 d 16 hrs 50 min | |
| Tuesday | 20-5-08 0:00 | | 24.00 | 01:00:00 | 04:14:00 | 4 d 16 hrs 50 min | |
| Wednesday | 21-5-08 0:00 | | 24.00 | 01:00:00 | 05:14:00 | 3 d 16 hrs 50 min | |
| Thursday | 22-5-08 0:00 | | 12.00 | 00:12:00 | 06:02:00 | 3 d 04 hrs 50 min | |

| Day | Date/Time | Hours | Time | Cumulative | Duration | Comment |
|---|---|---|---|---|---|---|
| Thursday | 22-5-08 12:00 | 24.00 | 00:00:00 | 06:02:00 | 3 d 04 hrs 50 min | Preceding holiday |
| Friday | 23-5-08 0:00 | 24.00 | 00:00:00 | 06:02:00 | 3 d 04 hrs 50 min | Holiday |
| Saturday | 24-5-08 0:00 | 8.00 | 00:00:00 | 06:02:00 | 3 d 04 hrs 50 min | after Friday |
| Saturday | 24-5-08 8:00 | 24.00 | 00:16:00 | 06:18:00 | 2 d 12 hrs 50 min | |
| Sunday | 25-5-08 0:00 | 24.00 | 01:00:00 | 07:18:00 | 1 d 12 hrs 50 min | |
| Monday | 26-5-08 0:00 | 24.00 | 01:00:00 | 08:18:00 | 0 d 12 hrs 50 min | |
| Tuesday | 27-5-08 0:00 | 12.50 | 00:12:50 | 09:06:50 | 0 d 00 hrs 00 min | |
| Tuesday | 27-5-08 12:50 | 24.00 | 00:11:10 | 09:18:00 | 0 d 11 hrs 10 min | Vessel on demurrages |
| Wednesday | 28-5-08 0:00 | 24.00 | 01:00:00 | 10:18:00 | 1 d 11 hrs 10 min | |
| Thursday | 29-5-08 0:00 | 24.00 | 01:00:00 | 11:18:00 | 2 d 11 hrs 10 min | |
| Friday | 30-5-08 0:00 | 24.00 | 01:00:00 | 12:18:00 | 3 d 11 hrs 10 min | |
| Saturday | 31-5-08 0:00 | 24.00 | 01:00:00 | 13:18:00 | 4 d 11 hrs 10 min | |
| Sunday | 1-6-08 0:00 | 24.00 | 01:00:00 | 14:18:00 | 5 d 11 hrs 10 min | |
| Monday | 2-6-08 0:00 | 13.00 | 00:13:00 | 15:07:00 | 6 d 00 hrs 10 min | Discharging completed |

| | | |
|---|---|---|
| Total Time Used | 15 d 07 hrs 00 min | |
| Time allowed | 9 d 06 hrs 50 min | |
| Time on demurrages | 6 d 00 hrs 10 min | 8.00694440 days |
| Demurrages rate | | 27000 |

| | | |
|---|---|---|
| Total amount due to owners | | 162187.4988 |
| less addl commission | 2.50% | 4054.68747 |
| Net to owners | | 158132.8113 |

EXHIBIT 4

$\mathcal{P}n\,\mathcal{O}$ Shipmanagement ltd

Aisopou & Ayias Aikaterinis 2, 3100 Ayios Nicolaos
Po Box 58556, 3731 Limassol
Telephone 25814466     Fax 25814836     e-mail acc@pnosm.com,soterish@pnosm.com

# INVOICE BP003DEM-08

Date: July 8, 2008

M essrs
Shree Laxmi Trading Corporation Exports (India)

| DESCRIPTION | Days | RATE | AMOUNT |
|---|---|---|---|
| C/P dd 23/04/2008 - M/V Bravo P | | | |
| Demurrages at Load port Kandla | 1.06458 | USD 27000 p/d | USD 28,743.66 |
| LESS Address Commission 2.5 % | | | USD 718.59 |
| Demurrages at disport Jubail | 6.0069444 | USD 27000 p/d | USD 162,187.50 |
| Less add commission 2.50% | | | USD 4,054.69 |

| | | |
|---|---|---|
| United States Dollars One hundred eighty six thousand one hundred fifty seven dollars and eighty eight cents | TOTAL | USD 186,157.88 |

Payable to:
PNO SHIPMANAGEMENT LTD
MARFIN POPULAR BANK PUBLIC CO LTD
SWIFT: LIKICY2N
ACCOUNT : 179-32-112956 (USD)
IBAN : CY45 0030 0179 0000 0179 3211 2956

### Thank you for your business!

EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

EVERGLADES SHIPPING CORP.,                    :

               Plaintiff,                        :          08 Civ. _____
                                           :

- against -                                   :          ECF CASE
                                           :

SHREE LAXMI TRADING CORPORATION              :
EXPORTS (INDIA), a/k/a                        :
SHREE LAXMI TRADING CORP. EXPORTS             :
(INDIA) MUMBAI, or SHREE LAXMI                :
TRADING EXPORTS (INDIA),                      :
                                           :

               Defendant.                       :

-------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                   )     ss: SOUTHPORT
County of Fairfield  )

     Anne C. LeVasseur, being duly sworn, deposes and says:

     1.     I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

     2.     I have attempted to locate the Defendants SHREE LAXMI TRADING

CORPORATION EXPORTS (INDIA) a/k/a SHREE LAXMI TRADING CORP. EXPORTS

(INDIA) MUMBAI or SHREE LAXMI TRADING EXPORTS (INDIA) within this District. As

part of my investigation to locate the Defendants within this District, I checked the telephone

company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendants.

3.    I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.    Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendants.

5.    This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Seigel, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

7.    Plaintiff seeks to serve the prayed for Process of Maritime Attachment and

Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

8.      To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.      Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.     Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

-3-

Dated:        November 14, 2008
              Southport, CT

_____
Anne C. Levasseur

Sworn and subscribed to before me
this 14th day of November, 2008

_____
Notary Public
Commissioner of the Superior Court

Mary E. Federchak
Notary Public-Connecticut
My Commission Expires
November 30, 2011

-4-