UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVERGLADES SHIPPING CORP.,

            Plaintiff,
                                                           08 Civ. 9859 (GBD)

    - against -                                      ECF CASE

SHREE LAXMI TRADING CORPORATION
EXPORTS (INDIA), a/k/a
SHREE LAXMI TRADING CORP. EXPORTS
(INDIA) MUMBAI, or SHREE LAXMI
TRADING EXPORTS (INDIA),

           Defendant.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PARTIAL DEFAULT JUDGMENT AND TO RECOGNIZE, CONFIRM
AND ENFORCE THE ARBITRATION AWARD ISSUED IN PLAINTIFF'S FAVOR**

Nancy R. Siegel (NP 2871)
LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
nrs@lenmur.com

1

## TABLE OF CONTENTS

| | |
|---|---|
| **PRELIMINARY STATEMENT**……………………………………………….. | 3 |
| **STATEMENT OF FACTS**……………………………………………………... | 3 |
| **ARGUMENT**…………………………………………………………………... | 8 |
| 1. Partial Default Judgment should be entered against Defendant as it has been given due notice of the proceedings and has failed to appear or defend in the action………………………………….. | 8 |
| 2. The Final Arbitration Award should be Recognized and Confirmed within this Motion for Default Judgment………………….. | 9 |
|     a. The Agreement to Arbitrate…………………………………….. | 9 |
|     b. Jurisdiction……………………………………………………… | 10 |
|     c. Venue……………………………………………………………. | 10 |
|     d. Proceeding to Confirm the Arbitration Award……………………. | 11 |
| 3. Plaintiff's Request for Attorney's Fees and Costs should…………………be Granted | 12 |
| **CONCLUSION**……………………………………………………………….. | 13 |

## PRELIMINARY STATEMENT

Plaintiff herein, EVERGLADES SHIPPING CORP. (hereinafter referred to as "Plaintiff"), by its undersigned counsel, Lennon, Murphy & Lennon, submits the within Memorandum of Law in support of its Motion for partial Default Judgment against Defendant SHREE LAXMI TRADING CORPORATION EXPORTS (INDIA), a/k/a SHREE LAXMI TRADING CORP. EXPORTS (INDIA) MUMBAI, or SHREE LAXMI TRADING EXPORTS (INDIA) (hereinafter referred to as "Shree Laxmi" or "Defendant") pursuant to Federal Rule of Civil Procedure 54(b).[1]  Plaintiff also submits the within Memorandum of Law in support of its request that the Court recognize and confirm the underlying final arbitration award rendered against Defendant as a judgment of this Court and grant Plaintiff the attorneys fees and costs incurred in this action.  As Defendant has been given due notice of the instant action, yet has failed and refused to appear or otherwise defend, Plaintiff's motion for partial default judgment should be granted and the underlying arbitration award should be recognized and confirmed as a Judgment of this Court.

## STATEMENT OF FACTS

At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized and existing under foreign law.  Plaintiff was at all material times the Owner of the motor vessel "BRAVO" (hereinafter the "Vessel").  Defendant was, and still is, a foreign corporation, or other business entity, organized and existing by virtue of the laws of India.  By a charter party dated April 22, 2008, Plaintiff voyage chartered the Vessel to the Defendant for the carriage of 30,000 mt maize, barley and/or sorghum by sea from Kandala,

---

[1] The instant action presents more than one claim for relief and the Plaintiff seeks entry of Default Judgment on fewer than all of its claims against the Defendant. Specifically, Plaintiff seeks to enforce the Final Arbitration Award issued March 27, 2009 and reserves its right to enforce all remaining claims set forth in its Verified Complaint, including but not limited to, any arbitral award on taxed costs.

3

India to one safe berth in Saudi Arabia on the Red Sea. *See Charter Party dated April 22, 2008 annexed to the accompanying Declaration of Paul Papadopoulus ("Papadopoulus Decl.") as Exhibit "1."*

The charter party obligated Defendant to pay to Plaintiff demurrage[2] at the rate of $27,000 per day pro rata. Defendant completed its voyage charter under the charter party. During the course of loading and discharging, Defendant exceeded the amount of laytime[3] provided for under the charter party and demurrage charges were incurred. Disputes arose between the parties regarding Defendant's failure to pay demurrage due and owing under the charter party. Defendant breached the terms of the charter party by failing to pay demurrage due and owing to Plaintiff in the approximate amount of $186,157.88 under the charter party. *See Verified Complaint annexed to the accompanying Affidavit of Nancy R. Siegel ("Siegel Affidavit") as Exhibit "1."*

Plaintiff initiated arbitration proceedings in London against Defendant on its claim. The arbitration proceedings between the parties were held pursuant to a valid arbitration clause set forth in the charter party described above. Rider Clause 34 of the charter party provides:

> GENERAL AVERAGE/ARBITRATION IN LONDON AND ENGLISH LAW TO APPLY. IN THE EVENT OF ANY DISPUTE NOT SETTLED BETWEEN THE TWO PARTIES MUTUALLY, THE MATTER IS TO BE REFERRED TO ARBITRATION WITH EACH PARTY APPPOINTING AN ARBITRATOR. IN CASE ARBITRATORS FAIL TO REACH A UNANIMOUS DECISION THEY SHALL APPOINT AN UMPIRE, WHOSE DECISION SHALL BE FINAL AND BINDING ON BOTH PARTIES.

*See Exhibit "1" to the Papadopoulus Decl.*

---

[2] Demurrage is a fixed sum, per day per hour, agreed to be paid for the detention of the vessel under charter at the expiration of the laytime allowed.

[3] Laytime refers to the time allowed by the shipowner to the voyage charterer in which to load and/or discharge the cargo.

4

On March 27, 2009,[4] a Final Arbitration Award was rendered in Plaintiff's favor. *See Exhibit "2" to the Papadopoulus Decl.* In the Final Arbitration Award, the arbitrator directed the Defendant to pay the Plaintiff the sum of $186,157.88 together with interest on this sum at the rate of 5% per annum, compounded quarterly from June 17, 2008 to the date of payment. Furthermore, Defendant was directed to pay Plaintiff's legal costs of the arbitration including the cost of the Final Award in the sum of £2,000.00 which, if paid in the first instance by the Plaintiff, entitles the Plaintiff to reimbursement by the Defendant of the sum paid, together with interest at the rate of 2.5% per annum, compounded quarterly, from the date of the award to the date of payment.[5]

Plaintiff was awarded the following amounts[6] pursuant to the Final Arbitration Award:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $ 186,157.88 |
| B. | Estimated interest on the principal claim at 5.0% from June 17, 2008 until September 15, 2009 (approx. date of recovery) | | $ 11,895.69 |
| C. | Cost of Award: | £ 2,000.00 | $ 3,027.23 |
| D. | Estimated interest on Cost of Award at 2.5% from March 25, 2009 (date of payment) until September 1, 2009 (approx recovery date) | £ 23.90 | $ 36.18 |
| Total: | | | $ 201,116.98 |

This action was commenced on November 14, 2008 by the filing of a Verified Complaint, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8 and which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. *See ¶¶ 1 and C of the Verified*

---

[4] The Final Arbitration Award was issued on May 27, 2009 notwithstanding the fact that the award incorrectly references an issue date of March 27, 2008.
[5] Plaintiff's legal costs of the arbitration have yet to be assessed and taxed. Plaintiff reserves the right to pursue an Award as to Taxed Costs, and seek security therefore.
[6] Currency conversions from U.K. pounds to U.S. dollars made on May 6, 2009.

5

*Complaint annexed to the Siegel Affidavit as Exhibit "1."* On November 17, 2008 the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized the Plaintiff to attach Defendant's property up to the sum of $284,242.13, located within this judicial district and belonging to the Defendant. *See Ex-Parte Order and Process of Attachment annexed to the Siegel Affidavit as Exhibit "2."* The Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to the Defendant. The Ex-Parte Order and PMAG were served upon the banks. Pursuant to the Ex-Parte Order and PMAG, garnishee banks ABN Amro, Citibank and Bank of New York restrained Defendant's funds in New York in the total amount of $47,374.00. *See Breakdown of Attached Funds annexed to the Siegel Affidavit as Exhibit "3."*

Defendant was given due notice of the instant action before this Court. On February 10, 2009, Defendant was advised by letter sent by UPS Worldwide Express courier that an order of maritime attachment had been obtained on Plaintiff's behalf authorizing attachment in New York of any of Defendant's assets. The letter also notified Defendant that Plaintiff had successfully attached monies pursuant to the Ex-Parte Order issued in the instant action. *See Affidavit of Service dated April 21, 2009 annexed to the Siegel Affidavit as Exhibit "4."* All pleadings filed in the instant action including, but not limited to, the Summons, Complaint and Affidavit in support thereof, Ex-Parte Order and Process of Maritime Attachment and Garnishment, were sent to the Defendant with this letter. UPS Worldwide Express confirmed that the letter enclosing the pleadings was delivered to the Defendant's address and signed for on February 17, 2009. *See Exhibit "4."*

Despite the notice provided, Defendant failed to appear in this action or file a responsive pleading. In its Verified Complaint, Plaintiff prayed for the issuance of Process of Maritime

6

Attachment and Garnishment as well as an order from this court recognizing and confirming any foreign judgment or arbitration award rendered on the claims in the Verified Complaint as a Judgment of this Court pursuant to 9 U.S.C. §§ 201 *et seq* and/or the doctrine of comity. In addition, Plaintiff prayed for such other, further and different relief as the Court may deem just and proper. *See Exhibit "1," ¶¶B, C and G to the Siegel Affidavit.*

Plaintiff now moves for default judgment to be entered against Defendant. By the same motion, Plaintiff also requests that the arbitration award rendered against Defendant on March 27, 2009 be recognized and confirmed as a judgment of this Court. Plaintiff further requests that it be awarded the attorney's fees and costs incurred in this action. For the reasons stated herein, Plaintiff's motion for default judgment, request to recognize and confirm the arbitration award and request for attorneys' fees and costs should be granted.

## ARGUMENT

### PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT BY DEFAULT SHOULD BE GRANTED

**1. Partial Default Judgment should be entered against Defendant as it has been given due notice of the proceedings and has failed to appear or defend in the action**

"In Federal Practice, a defendant having been served with process who fails to make timely appearance or answer is subject to judgment by default under Rule 55(a)." *See Danish Fur Breeders Association v. Olga Furs, Inc., Hatzis Bro.s*, 1990 U.S. Dist. LEXIS 4779, at *4 (S.D.N.Y 1990); *see also Fed. R. Civ. P. 55*; *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). In addition, Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that default judgment may be entered upon proof that the plaintiff has given notice to the defendant by mailing the complaint, summons, and process of attachment,

7

using any form of mail requiring a return receipt notice. Rule B(2)(b) of the Supplemental Rules for Certain Admiralty & Maritime Claims provides as follows:

> (2) Notice to Defendant. No default judgment may be entered except upon proof- which may be by affidavit- that: (b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring return receipt;

*Id.*

Here, Defendant was duly notified of the attachment on or about February 17, 2009 when it received a letter providing notice of attachment and copies of all pleadings filed in the action. Accordingly, as the requirements of Rule B(1) and (2) of the Supplemental Rules for Certain Admiralty and Maritime Claims have been met, and Defendant has failed to make an appearance, Plaintiff is entitled to partial default judgment under Rule 55 of the Federal Rules of Civil Procedure. A proposed default judgment order accompanies Plaintiff's moving papers. *See Proposed Default Judgment and Turnover Order annexed to the Siegel Affidavit as Exhibit "5."*

### 2. The Final Arbitration Award should be Recognized and Confirmed within this Motion for Partial Default Judgment

The Court should recognize and confirm the Final Arbitration Award issued in Plaintiff's favor and against Defendant in London arbitration pursuant to the New York Convention. The New York Convention applies to awards "not considered domestic awards in the state where their recognition and enforcement are sought." 9 U.S.C. § 201, Art. I, 330 U.N.T.S. at 38.

#### a. The Agreement to Arbitrate

Under the Convention, as implemented by the FAA, to enforce the arbitral award the party seeking such enforcement must show that the arbitration agreement and award fall within the purview of the FAA. As stated in 9 U.S.C. § 202, arbitration agreements or awards must be commercial to be within the coverage of the FAA. Commerce is broadly defined by 9 U.S.C. § 1

8

to mean "commerce among the several states or with foreign nations." The arbitration clause, reprinted *supra*, contained in the charter party between Plaintiff and Defendant arose out of a legal relationship considered to be commercial and covered transactions involving commerce as defined by 9 U.S.C. § 2 and thus falls under the umbrella of the FAA. 9 U.S.C. § 202 provides in pertinent part as follows:

> Sec. 202 - Agreement or award falling under the Convention.
>
> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section of this title, falls under the Convention.

9 U.S.C. § 202.

As stated above, Plaintiff and Defendant agreed to submit their respective claims to binding London arbitration pursuant the charter party contract. Therefore, under 9 U.S.C. § 2, this Court may properly recognize, confirm and enforce the Final Arbitration Award rendered in Plaintiff's favor and against Defendant because the agreement to arbitrate was set forth in a contract for transactions in commerce, expressly recognized by the FAA.

Based on the foregoing, therefore, the Final Arbitration Award is a non-domestic award to which the New York Convention applies and is appropriate for recognition, confirmation and enforcement by this Honorable Court.

### b. Jurisdiction

This Court has jurisdiction over this proceeding under the New York Convention. 9 U.S.C. § 203 provides that the district courts of the United States have original jurisdiction over actions or proceedings falling under the Convention. 9 U.S.C. § 203.

By reason of the plain import of the New York Convention, there can be no dispute regarding this Court's jurisdiction over this proceeding.

### c. Venue

This Court is a proper venue under 9 U.S.C. § 204, which states "an action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought ..." 9 U.S.C. § 204.

The United States District Court for the Southern District of New York is an appropriate venue because Defendant's property is being held under attachment in the hands of garnishee banks ABN Amro, Citibank and Bank of New York in New York in the approximate amount of **$47,374.00** pursuant to an Ex Parte Order of Maritime Attachment and Garnishment dated November 17, 2008 issued by this Court. Thus, this Court is a competent authority and constitutes proper venue for this proceeding.

### d. Proceeding to Confirm the Arbitration Award

The Convention at § 207 provides the procedural mechanism by which Plaintiff may enforce the arbitration awards. This section provides as follows:

> § 207. Award of arbitrators; confirmation; jurisdiction; proceeding
> Within three years after an arbitral award falling under this Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention.

28 U.S.C. § 207.

Plaintiff instituted the instant action in the Southern District of New York on November 14, 2008 and the Final Arbitration Award was issued on March 27, 2009. Thus, Plaintiff began the process of enforcing the award well before three years had elapsed. Therefore, Plaintiff's application is timely.

Furthermore, as set forth above, this Court has jurisdiction over this proceeding and Plaintiff is entitled to an Order granting the application. Plaintiff respectfully submits that there exist no grounds under the New York Convention upon which this Court could refuse or defer recognition and enforcement of the Final Arbitration Award. In any event, the burden of proof rests upon a party resisting enforcement. *See Willemijn Houdstermaatschappig v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)("the showing required to avoid summary confirmation of an arbitration award is high and a party moving to vacate the award has the burden of proof").

In light of the foregoing, Plaintiff respectfully submits that the Final Arbitration Award is subject to recognition and enforcement pursuant to the New York Convention and should be recognized and confirmed as a judgment of this Court.

### 3.  Plaintiff's Request for Attorney's Fees and Costs Should be Granted

Despite due demand, Defendant has failed to pay the amounts due and owing under the valid Final Arbitration Award. Where a defendant has defaulted, it is within the Court's discretion to grant a plaintiff's request for the attorneys' fees and costs incurred in bringing a Rule B action. *See Universal Computer Servs. v. Dealer Servs.*, 2003 U.S. Dist. LEXIS 12237 (S.D.N.Y. 2003)( "[t]he district court, under its inherent equitable powers, may award attorneys' fees where a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded").

Here, the Defendant has defaulted and has otherwise failed to pay the amounts due and owing under the binding Final Arbitration Award. *See Certificate of Default annexed to the*

*Siegel Affidavit as Exhibit "6."* Further, over a month has elapsed from the issuance of the Final Arbitration Award on March 27, 2009. *See Final Arbitration Award annexed to the Papadopoulus Decl. as Exhibit "2."* Thus, Plaintiff requests that the Court award it the attorney's fees and costs incurred in seeking to recover those amounts. Plaintiff has incurred attorney's fees and costs in the approximate amount of $9,898.86 in obtaining/maintaining the Rule B attachment, making the instant application to confirm the London arbitration award and seeking the entry of default. Plaintiff expects to incur an additional $1,000.00 in attorney's fees and costs to confirm the award, obtain partial default judgment and execute upon the funds restrained in New York.

As the equities are in Plaintiff's favor and Defendant has defaulted in this action, Plaintiff's request for attorney's fees and costs in the amount of $10,898.86 should be granted.

## CONCLUSION

As Defendant, SHREE LAXMI TRADING CORPORATION EXPORTS (INDIA), a/k/a SHREE LAXMI TRADING CORP. EXPORTS (INDIA) MUMBAI, or SHREE LAXMI TRADING EXPORTS (INDIA), has not appeared in this action despite having been served notice of the attachment of its property, Plaintiff is entitled to default judgment in the instant action, including an award of the attorney's fees and costs incurred herein. Furthermore, as the Final Arbitration Award is final and binding, Plaintiff respectfully requests that the award be duly recognized, confirmed and enforced and that judgment be rendered in its favor and against the Defendant in the total sum of **$201,116.98**,[7] and that it be awarded its attorneys fees and costs in the amount of **$10,898.86**. Please find the Statement of Damages annexed to the Siegel Affidavit as Exhibit "7."

---

[7] If the Judgment is issued in a lesser amount than that due under the Award, Plaintiff reserves all of its remedies, including but not limited to seeking a further attachment, to obtain satisfaction/security for those amounts not included in the Judgment.

Should Plaintiff's motion be granted, pursuant to CPLR 5230 and F.R.C.P. Supp. Adm. B(3)(a), Plaintiff further requests that garnishee banks ABN Amro, Citibank and Bank of New York be directed to turn over Defendant SHREE LAXMI TRADING CORPORATION EXPORTS (INDIA), a/k/a SHREE LAXMI TRADING CORP. EXPORTS (INDIA) MUMBAI, or SHREE LAXMI TRADING EXPORTS (INDIA)'s funds in the amount of **$47,374.00** to Plaintiff's counsel or at Plaintiff's counsel's direction. Please find the proposed Default Judgment and Turnover Order annexed to the Siegel Affidavit as Exhibit "5."

Dated: May 6, 2009

                                      The Plaintiff,
                                      EVERGLADES SHIPPING CORP.

                                  By: _____
                                     Patrick F. Lennon
                                     Nancy R. Siegel
                                     LENNON, MURPHY & LENNON, LLC
                                     420 Lexington Avenue, Suite 300
                                     New York, NY 10170
                                     (212) 490-6050 - phone
                                     (212) 490-6070 - facsimile
                                     nrs@lenmur.com
                                     pfl@lenmur.com

## **AFFIRMATION OF SERVICE**

I hereby certify that on May 6, 2009 a copy of the foregoing was filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Service of the foregoing will be made on Defendant, SHREE LAXMI TRADING CORPORATION EXPORTS (INDIA), a/k/a SHREE LAXMI TRADING CORP. EXPORTS (INDIA) MUMBAI, or SHREE LAXMI TRADING EXPORTS (INDIA), via Express Courier, facsimile and/or e-mail.

_____
Nancy R. Siegel