UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EVERGLADES SHIPPING CORP.,

                Plaintiff,

    - against -

SHREE LAXMI TRADING CORPORATION
EXPORTS (INDIA), a/k/a
SHREE LAXMI TRADING CORP. EXPORTS
(INDIA) MUMBAI, or SHREE LAXMI
TRADING EXPORTS (INDIA),

              Defendant.

------------------------------------------------------------X

08 Civ. 9859 (GBD)

ECF CASE

## DECLARATION OF PAUL PAPADOPOULOS SOLICITOR

MR PAUL PAPADOPOULOS affirms and states the following under the penalties of perjury under the laws of the United States pursuant to 28 USC 1746:

1.    I am a solicitor with the law firm PROTOPAPAS & CO,LONDON, U.K. (QUEEN HOUSE ,180 TOTTENHAM COURT ROAD) LONDON W1T 7PD counsel to the Plaintiff herein, Everglades Shipping Corp. (hereinafter "Everglades" or "Plaintiff") and I make this declaration based upon my own personal knowledge, information supplied to me by Plaintiff, and upon documents that I believe to be true and accurate.

2.    I submit this Declaration in Support of Plaintiff's Motion for partial Default Judgment and to Recognize, Confirm and Enforce a Foreign Arbitration Award against Defendant SHREE LAXMI TRADING CORPORATION EXPORTS (INDIA), a/k/a SHREE LAXMI TRADING CORP. EXPORTS (INDIA) MUMBAI, or SHREE LAXMI TRADING EXPORTS (INDIA) (hereinafter "Defendant").

3.     The underlying dispute arose from Defendant's breach of a charter party contract dated April 22, 2008 (hereinafter the "charter party"), by which Plaintiff voyage chartered the motor vessel "BRAVO" for the carriage of 30,000 mt of maize, barley and/or sorghum by sea from Kandala, India to one safe berth in Saudi Arabia on the Red Sea. *See Charter Party annexed hereto as Exhibit "1."*

4.     Pursuant to the terms of the charter party, Plaintiff delivered the Vessel into the service of Defendant and at all times fully performed its duties and obligations under the charter party.

5.     The charter party obligated Defendant to pay to Plaintiff demurrage[1] at the rate of $27,000 per day pro rata.

6.     Defendant completed its voyage charter under the charter party. During the course of loading and discharging, Defendant exceeded the amount of laytime[2] provided for under the charter party and demurrage charges were incurred.

7.     Disputes arose between the parties regarding Defendant's failure to pay demurrage due and owing under the charter party.

8.     As a result of Defendant's breach of the charter party, Plaintiff incurred damages in the approximate amount of $186,157.88 under the charter party.

9.     Rider Clause 34 of the charter party provides that any dispute arising thereunder shall be referred to arbitration in the city of London with English law to apply.

10.     Despite due demand, Defendant failed to pay Plaintiff for its claims.

---

[1]     Demurrage is a fixed sum, per day per hour, agreed to be paid for the detention of the vessel under charter at the expiration of the laytime allowed.
[2]     Laytime refers to the time allowed by the shipowner to the voyage charterer in which to load and/or discharge the cargo.

11.    As a result, Plaintiff commenced arbitration proceedings against Defendant in London in accordance with the charter party.

12.    Defendant was given proper notice of the arbitration under English law.

13.    On March 27, 2009 a final arbitration award was rendered in Plaintiff's favor and against Defendant. *See Final Arbitration Award annexed hereto as Exhibit "2."*

14.    The Final Arbitration Award issued in Plaintiff's favor and against Defendant is binding on the parties on April 27, 2009.  Further, it is final and enforceable in England and Wales.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on April 27, 2009.